887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy John BYLAND, Defendant-Appellant.
 No. 89-7618.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 25, 1989.
Decided: Sept. 27, 1989.
Rehearing Denied Dec. 5, 1989.
 
 Timothy John Byland, appellant pro se.
 Roscoe Conklin Howard, Jr. (Office of the United States Attorney), for appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Timothy J. Byland, a federal prisoner, brought this 28 U.S.C. Sec. 2255 action challenging the validity of his conviction on three counts of mail fraud and one count of wire fraud. The charges arose from Byland's solicitation of limited partners to provide financial backing for a condominium complex renovation. Byland obtained over $133,000 from numerous investors; however, he had no ownership interest in the complex and kept the investors' money for his own benefit. He pleaded guilty to the charges in exchange for withdrawal of additional charges and was sentenced to four concurrent three-year prison terms and restitution.
 
 
 2
 In this action, Byland alleged that his conviction was invalid because his appointed attorney had a conflict of interest. The evidence which he pointed to in support of this allegation was that his attorney spoke to the United States Attorney assigned to the case before speaking to Byland, whom he was unable to reach; the U.S. Attorney suggested the possibility of a plea agreement, and Byland's attorney passed this suggestion on to Byland. Byland presented no additional evidence in support of this allegation; further, he did not show that he was prejudiced in any way. Strickland v. Washington, 446 U.S. 668 (1984). Therefore, the district court properly dismissed this claim.
 
 
 3
 Byland also alleged that there was no evidence to support a finding of intent, a necessary element of the charges against him. However, the district court clearly explained every element of the offenses, including intent, during Byland's Fed.R.Crim.P. 11 colloquy at the plea proceeding, and Byland affirmed that he understood the elements and that he did not maintain his innocence on any count. Because Byland presented no compelling reason why his statements, which were made under oath, should not be believed, this claim is without merit. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981).
 
 
 4
 We deny Byland's motion for release on bail pending appeal as moot. We grant his motion to expedite to the extent that the case has been decided as quickly as possible given the Court's heavy case load. We deny his motion for appointment of counsel. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.